The STATE of Ohio, Appellant,

v.

SCOVIL, Appellee.

[Cite as *State v. Scovil* (1998), 127 Ohio App.3d 505.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72897.

Decided May 4, 1998.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Ronni Ducoff,* Assistant Prosecuting Attorney, for appellant.

*Dale R. Friedland,* for appellee.

---

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, oral argument, and the briefs of counsel. The state of Ohio, plaintiff-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, case No. CR–346849, in which the trial court sentenced Tymika Scovil, defendant-appellee, on the offenses of felonious assault and endangering children. The state assigns one error for this court's review.

The state's appeal is not well taken.

On January 29, 1997, Tymika Scovil, defendant-appellee, was indicted by the Cuyahoga County Grand Jury in a three-count indictment. The first count alleged violations of R.C. 2903.11, felonious assault. The second and third counts alleged violations of R.C. 2919.22, endangering children. All three counts arose out of the alleged abuse of appellee's young son, Antonio Scovil, who was born on June 28, 1994. The indictment alleged that the abuse occurred during the period from August 1, 1996 to August 7, 1996.

On August 7, 1996, Antonio Scovil was admitted to University Hospital of Cleveland with diarrhea, vomiting, fever, and lethargy. The hospital determined that Antonio had a small bowel perforation with significant intra-abdominal contamination. The specific cause of the injury was not determined; however, in the attending physician's opinion, the injury was secondary to significant non-accidental blunt trauma.

At this point, the Cuyahoga County Department of Childrens and Family Services ("CCDCFS") and the hospital's social services department became involved. An investigation ensued, resulting in the indictment of appellee and her boyfriend Rick Walker.

On February 12, 1997, appellee was arraigned, whereupon a plea of not guilty was entered to all three counts contained in the indictment. On May 15, 1997, appellee withdrew her formerly entered plea of not guilty and entered a plea of no contest to one count of felonious assault and one count of endangering children as indicted. All charges against appellee's boyfriend Rick Walker were dismissed. The trial court referred appellee to the Cuyahoga County Probation Department for a presentence investigation and report. Sentencing was scheduled for June 12, 1997. The state requested that it be permitted to appear at

sentencing. The state has an absolute right to appear at sentencing and to request to be heard.

At the sentencing hearing, defense counsel stated on the record that he did not believe that there was sufficient evidence to convict appellee of the underlying crimes; however, since appellee was apprehensive about taking the case to trial, she had entered a plea of no contest and was prepared for sentencing. Defense counsel set forth the reasons for his belief (*i.e.,* speculation regarding the cause of the injury, possible involvement by day care workers) and emphasized appellee's lack of any prior involvement with the criminal justice system.

The attorney for the state, who arrived in the courtroom after the sentencing hearing began but prior to the scheduled time, focused upon the severity of the underlying injuries and the absolute lack of explanation for the injuries by appellee. The state also referred to a prior incident of alleged abuse involving appellee, her son, and the CCDCFS.

After considering the information presented, the trial court sentenced defendant-appellee as follows:

"THE COURT: Based on all these representations, the information primarily contained in the report, your remarks, Mr. Friedland, it will be the order of the court as to count one, two years at Marysville; as to count three, two years at Marysville.

"Those terms will be served concurrently. Of that term 21 months will be suspended. You are going to do some time.

"You are to pay the costs and you will be on probation for one year upon your release.

"Your supervision will be as follows: To do intensive supervision. When you come back from the institution after 90 days, you are going to report to the probation department here. They are going to follow you with intensive supervision, which means you will report frequently and be subject to urinalysis."

The language used by the trial court does not appropriately reflect the clear language set forth in 1995 Senate Bill No. 2. The court *does not have the authority* to suspend prison time on a monthly basis for a second-degree felony conviction. The court is duty-bound to impose a sentence to a state institution in terms of one year increments—*at the court's discretion* —between two and eight years. R.C. 2929.14(A). If this court were called upon to evaluate this case based upon the sentencing hearing alone, this court would be compelled to find that the requisite findings necessary to overcome the presumption favoring prison time were not met and that community control sanctions would be inappropriate.

On June 25, 1997, however, the trial court filed the following journal entry, which provided in part:

"On a former day, defendant plead[ed] no contest and was found guilty by the court of felonious assault R.C. 2903.11 f–2 as charged in count 1; child endangering R.C. 2919.22 f–2 as charged in count 3 (Senate Bill 2).

"The court finds that a community control sanction will adequately protect the public and will not demean the seriousness of the offense. It is therefore ordered that the defendant be sentenced to 1 year of community control, under the supervision of the adult probation department, after serving 3 months at Cuyahoga county jail.

"Defendant to be placed under intensive special supervision; evaluation by psychiatric clinic; follow recommendations of department of children and family services; maintain verifiable employment."

The journal entry executed by the trial court adequately states that the court made the requisite findings to overcome the presumption favoring prison and, therefore, permitted the imposition of community control sanctions. In addition (unlike sentences to state penal institutions), the court has the authority as a condition of community control to sentence a defendant locally, be it in terms of hours, days, weeks, or months.

On July 23, 1997, the state filed a timely notice of appeal from the sentence imposed upon appellee by the trial court.

The state's sole assignment of error on appeal states:

"The court failed to properly elucidate the necessary findings of law required pursuant to R.C. 2923.13(D) in order to relent the presumption in favor of a prison term for a second degree felony."

The state maintains, through its sole assignment of error, that the trial court failed to properly elucidate reasons to rebut the presumption in favor of incarceration set forth in R.C. 2929.13(D). Specifically, the state argues that the imposition of a three-month sentence while suspending the remaining twenty-one months demeaned the seriousness of the crimes of felonious assault and endangering children perpetrated upon a two-year-old child. It is the state's position that the injury in this case far outweighs any of the mitigating factors set forth in R.C. 2929.12 and appellee should therefore have been sentenced to a longer term of incarceration.

R.C. 2929.13(D), dealing with first- and second-degree felony sentencing, provides:

"(D) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree and for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a *prison* term is necessary in order to comply with the purposes

and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a *prison* term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison terms is specified as being applicable if it makes both of the following findings:

"(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

"(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."

Senate Bill No. 2 requires that a trial court that sentences a felony offender is to be guided by the overriding purposes of felony sentencing, which are to protect the public·from future crime and punish the offender. R.C. 2929.11(A). *State v. Ober* (Oct. 10, 1997), Greene App. No. 97CA0019, unreported, at 2, 1997 WL 624811. Unless a mandatory prison term is required, the trial court has discretion to determine the most effective way of achieving purposes and principles as set forth in R.C. 2929.11. Pursuant to R.C. 2929.12(A), however, the trial court must consider factors set forth in subdivisions (B), (C), (D), and (E) of R.C. 2929.12. These factors relate to the seriousness of the offense and the possibility of recidivism. The trial court may consider additional factors that it finds relevant in achieving the R.C. 2929.11 purposes and principles of sentencing. *Ober, supra.* After conducting the R.C. 2929.12 analysis, the trial court is further guided by R.C. 2929.13(D) in determining the sanction or sanctions to be imposed on an offender for a felony of the first or second degree.

A determination of a defendant's sentence is within the sound discretion of the trial court, and an appellate court's review of the determination is conducted under an abuse-of-discretion standard. *State v. Turner* (1987), 37 Ohio App.3d 38, 40, 523 N.E.2d 326, 328. Therefore, an appellate court will not disturb the judgment of the trial court absent a showing that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149.

■■ In the case *sub judice,* a review of the entire record from the trial court demonstrates that, although the trial court failed to set forth the required findings to overcome the presumption that a prison term is necessary pursuant to R.C. 2929.13(D) during the sentencing hearing itself, the trial court's journal entry journalized on June 25, 1997 does, in fact, satisfy the requirements for imposition of a community control sanction as set forth in R.C. 2929.13(D)(1)(2). The trial court found that the imposition of a community control sanction "will adequately protect the public and will not demean the seriousness of the offense." The trial court then sentenced appellee to three months in the Cuyahoga County Jail followed by one year of community control. While this court recognizes the inconsistency between the trial court's statements during the sentencing hearing and the ultimate sentence imposed, it is well established that a trial court speaks only through its journal entries and not by oral pronouncement. *State v. King* (1994), 70 Ohio St.3d 158, 162, 637 N.E.2d 903, 906. Therefore, this court is required to review the actual sentence as it was imposed pursuant to the journal entry of June 25, 1997.

Appellee incorrectly maintains that since the trial court initially sentenced her to two twenty-four-month concurrent sentences and suspended twenty-one months of each sentence, the trial court was not required to consider the factors set forth in R.C. 2929.13(D) for imposition of a community control sanction. However, had the trial court's initial sentencing pronouncement been journalized unaltered, it would have constituted an improper three-month sentence in a state correctional facility for a second-degree felony for which the only possible sentence would be two, three, four, five, six, seven, or eight years' imprisonment. R.C. 2929.14(A).

Given the fact that the trial court's sentencing journal entry reflected the required findings for imposition of community control and that appellee was sentenced to the Cuyahoga County Jail rather than a state correctional facility, it must be presumed that the trial court considered the necessary factors to overcome the presumption of prison and impose a community control sanction in accordance with R.C. 2929.13(D). Although the new sentencing scheme speaks in terms of presumptions and mandates findings, it does not eliminate judicial discretion.

For the foregoing reasons, the state's sole assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Dyke, P.J., Patton and Michael J. Corrigan, JJ., concur.