OPINION
The facts of this case are highly disputed between Defendant-Appellee Mitchell Centers and the victims, Alice and Evelyn Graham. Evelyn Graham is a twenty-two year old with cerebral palsy, a diminished mental capacity, and a hearing disability. She lives with her mother, Alice, and her two-year-old daughter. At some time prior to this offense, Evelyn had a sexual relationship with Centers, who was forty-six years old. Evelyn testified that on the evening of November 24, 1999, she and her daughter were taking a bath when she heard the dogs bark and "a hammer drop" downstairs. She dressed herself and her daughter and proceeded downstairs to find Centers and David Jones in the house. Evelyn testified that she saw them take the VCR and two saws from the home and then run out the back door and through the back gate.
When Alice returned home, Evelyn was crying and told her mother that they had been robbed. Evelyn told Alice the series of events and Alice called the police. Both ladies testified that Centers was not permitted in their house on that day, and Evelyn testified that he had only been in the house on one prior occasion. Further, the ladies both testified that the saws were very sentimental to them because they belonged to Alice's fiancé of nineteen years who had recently passed away.
Centers' testimony differed dramatically from the Grahams' testimony. According to Centers, Evelyn invited him into the Graham home on November 19, 1999 for sexual relations. On that date, Evelyn asked him to take the VCR and the saws and sell them because she needed money. Centers called his cousin, David Jones, to the house and they discussed how they would sell these items. Soon after, they went to a bar where they attempted to sell the VCR, but were unsuccessful. From there, Jones took the items and Centers had not seen them since.
On December 30, 1999, Centers was indicted for one count of burglary in violation of R.C. 2911.12(A)(1). He was found guilty of this offense by a jury on February 22, 2000, and sentenced by the court to five years of community control sanctions, including six months at the Dayton Human Rehabilitation Center. This sentence was in addition to approximately three months of jail time already served. The State filed written objections to this sentence, but it remained the same. The State appeals, raising the following assignment of error:
 The trial court erred by imposing community control sanctions rather than a term of imprisonment following Appellee's conviction of a second degree felony.
An appellate court applies an abuse of discretion standard when reviewing a trial court's sentencing decision. State v. Mays (1995),104 Ohio App.3d 241, 249. Abuse of discretion implies that the court's decision was arbitrary, unreasonable or unconscionable. State ex rel.Lee v. Montgomery (2000), 88 Ohio St.3d 233, 235. When sentencing for a second degree felony, there is a presumption that "a prison term is necessary in order to comply with the purposes and principles of sentencing . . ." R.C. 2929.13(D). The purpose of sentencing is to protect the public from future crime and to punish the offender. R.C.2929.11(A).
However, a trial court may impose community control sanctions instead of a prison term if the following two criteria are met:
 (1) the community control sanctions would "adequately punish the offender and protect the public from future crime," and (2) the community control sanctions "would not demean the seriousness of the offense." R.C. 2929.13(D). In employing this test, the trial court must first review the factors found in R.C. 2929.12(B) and (C) regarding the seriousness of the offense. Factors relevant to this case include:
 (B)(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological or economic harm as a result of the offense.
 (6) The offender's relationship with the victim facilitated the offense.
(C)(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
At the sentencing hearing, the trial court acknowledged that Centers "took advantage of a young lady," which made it difficult to consider community control. The court further recognized that the jury obviously did not believe Centers' version of events that the victim, Evelyn, facilitated the offense. However, the court considered that there was no violence and felt that restitution would serve the victims better than a prison sentence.
Next, the trial court must consider the factors in R.C. 2929.12(D) and (E) concerning Centers' likelihood to recidivate. These factors include: prior criminal history, effect of prior rehabilitation, number of law-abiding years prior to this offense, circumstances of the offense indicating that it is likely to recur, and showing of remorse for the offense. In considering these factors, the court observed that Centers had already served a little over three months at the time of sentencing. Further, although Centers has had seven felony convictions prior to the present case, the trial court considered that the last of these prior offenses occurred six years before. From this information, the judge reasoned that Centers was capable of staying out of trouble. Based on all of the factors considered, the trial court found that the presumption of a prison term had been overcome, and community control sanctions would be appropriate.
Although we feel this is a close case, and possibly would have sentenced Centers to a prison term ourselves, we do not feel that the trial court abused its discretion. At the sentencing hearing, the trial court addressed each of the relevant factors as discussed previously, and made all of the required findings to overcome the presumption of a prison term and instead impose community control sanctions. See State v.Scovil (1998), 127 Ohio App.3d 505, 510. Because the requisite findings were made, the trial court's decision was not arbitrary, capricious or unconscionable. Accordingly, the State's sole assignment of error is overruled.
 ____________________ BROGAN, J.
WOLFF, J., and YOUNG, J., concur.