JOURNAL ENTRY AND OPINION
{¶ 1} Pursuant to R.C. 2953.08(B)(2), the State of Ohio appeals the sentence imposed upon defendant Richard Roth, following Roth's guilty plea to felonious assault. For the reasons set forth below, we reverse and remand for resentencing.
 {¶ 2} On October 4, 2002, defendant was indicted for two counts of felonious assault in connection with a bar fight at the Dirty Dog Bar in Parma. The state and defendant subsequently entered into a plea agreement whereby one of the charges was dismissed and defendant pleaded guilty to the remaining felonious assault charge, a felony of the second degree. As the matter proceeded to sentencing, the parties outlined for the court that the incident arose from a bar fight, and that defendant bit off a portion of the victim's ear. The trial court then sentenced defendant to two years of community control. The state now appeals and assigns the following interrelated assignments of error for our review:
 {¶ 3} "The trial court erred in failing to make the appropriate findings and state its reasoning on the record for the sentence imposed."
 {¶ 4} "The trial court erred in sentencing appellee to community control sanctions, as it could not overcome the presumption of imprisonment."
 {¶ 5} Within these assignments of error, the state complains that the trial court did not comply with its mandatory duty to make the findings set forth in R.C. 2929.13(D) and R.C. 2929.19(B)(2) before it imposed the community control sanction. We agree.
 {¶ 6} Defendant pleaded guilty to felonious assault, a felony of the second degree, see R.C. 2903.11(D), which carries a presumption that a prison term is necessary. R.C. 2929.19(B). In relevant part, this statute provides:
 {¶ 7} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 8} "(b) If [the trial court] does not impose a prison term for a felony of the first or second degree * * * for which a presumption in favor of a prison term is specified as being applicable, its reasons for not imposing the prison term and for overriding the presumption, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and the basis of the findings it made under divisions (D)(1) and (2) of section 2929.13 of the Revised Code."
 {¶ 9} R.C. 2929.13 in turn provides:
 {¶ 10} "(D) * * * for a felony of the first or second degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term * * * if it makes both of the following findings:
 {¶ 11} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 12} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 13} Thus, R.C. 2929.13(D) requires a court to impose a prison term upon a conviction for a felony of the first or second degree unless it first makes the two mandatory findings. Accord State v. Scovil
(1998), 127 Ohio App.3d 505, 713 N.E.2d 452; State v. Davis, Clermont App. No. CA2001-01-003, 2001-Ohio-8708. In addition, the Supreme Court of Ohio has specifically held that a trial court is required to make findings that indicate the court's reasons. State v. Edmonson,86 Ohio St.3d 324, 329, 1999-Ohio-110, 715 N.E.2d 131. Moreover, in Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the Supreme Court settled the dispute among the appellate courts and held that the trial court must orally make its finding and state its reasons on the record at the sentencing hearing. Id. Accordingly, the written journal entry is no longer controlling in determining whether the trial court satisfied the statutory obligations. Id.
 {¶ 14} In this case, the court's journal entry sets forth some of the requisite findings but does not address the issue of whether a community control sanction would adequately protect the public and punish the offender. Moreover, at the sentencing hearing, the trial court neither made the requisite findings nor set forth any reasons for such findings. Rather, the record reflects that the prosecuting attorney described the fight which preceded the assault and reminded the court that there was a presumption that a term of imprisonment should be imposed for the second degree felony. The trial court then asked defense counsel to present his argument as to overcoming this presumption, and also spoke to defendant. The court then stated:
 {¶ 15} "Well, you got emotional because this girl was there and she was with another guy, right? Isn't that the bottom line?" (Tr. 24-27).
 {¶ 16} These remarks are insufficient to constitute reasons to support the court's findings as they do not address the issues of punishment of the offender, protection of the public, and the seriousness of the offense. Accordingly, we find the assignment of error to be well-taken, and we reverse and remand for resentencing consistent with this opinion.
 {¶ 17} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, J., and Diane Karpinski, J., concur.