DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Thomas E. Benore, appeals the April 19, 2004 judgment of the Ottawa County Court of Common Pleas which, following his no contest plea, found appellant guilty of attempted illegal conveyance into a detention facility, in violation of R.C. 2923.02(A) of the principal offense of R.C. 2921.36(A)(2), and a probation violation. The court then sentenced appellant to a 17 month prison term for attempted illegal conveyance and an 11 month prison term for the probation violation; the sentences were ordered to be served consecutively. This appeal followed.
 {¶ 2} Appellant raises the following four assignments of error:
 {¶ 3} "I. The trial court's sentence is contrary to law and the trial court committed prejudicial error and abused its discretion in sentencing appellant to greater than the shortest authorized term of imprisonment.
 {¶ 4} "II. The trial court's sentence is contrary to law and the trial court committed prejudicial error and abused its discretion in sentencing appellant to consecutive prison terms.
 {¶ 5} "III. The trial court's sentence is contrary to law and the trial court committed prejudicial error in denying appellant's motion to dismiss.
 {¶ 6} "IV. The trial court's sentence is contrary to law and the trial court committed prejudicial error and abused its discretion finding that appellant showed no genuine remorse."
 {¶ 7} In appellant's first assignment of error, he contends that in imposing a greater than the minimum term of imprisonment, the trial court was required to consider facts neither admitted by appellant nor found by a jury in violation of Blakely v. Washington (2004), 541 U.S. 36,124 S.Ct. 1354, 158 L.Ed.2d 177. This court has previously held that theBlakely decision does not apply to Ohio's indeterminate sentencing scheme. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, at ¶ 18. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 8} Appellant's second assignment of error asserts that the trial court erred in sentencing appellant to consecutive prison terms. Before imposing consecutive sentences, a trial court must: (1) make statutorily enumerated findings and (2) give reasons supporting those findings. Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one of the syllabus. At a sentencing hearing, a "trial court must first consider the factors set forth in R.C. 2929.12(B) and (C) to determine how to accomplish the overriding purposes of felony sentencing embraced in R.C. 2929.11." State v. Adkins, 6th Dist. No. L-02-1190, 2003-Ohio-7250, at ¶ 64, citing Comer at ¶ 13.
 {¶ 9} After considering the R.C. 2929.12 factors, a trial court may impose consecutive sentences when the sentences are both (1) necessary either to protect the public from future crime or to punish the offender and (2) not disproportionate to the seriousness of the offender's conduct and the danger posed to the public by such offender. R.C. 2929.14(E)(4). The trial court must also find one of the following three enumerated circumstances:
 {¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4)(a)-(c).
 {¶ 13} Accordingly, if a trial court, at the sentencing hearing, considers the R.C. 2929.12(B) and (C) factors, makes all necessary findings under R.C. 2929.14(E)(4), and supports those findings with its reasoning, then it may impose consecutive sentences on a defendant.
 {¶ 14} At appellant's April 5, 2004 sentencing hearing, the trial court outlined appellant's extensive criminal record. The court then stated:
 {¶ 15} "[T]he court is obliged to fashion a penalty that will both protect the public and punish the offender. And in doing that, we take a look at what are called the seriousness and recidivism factors in Section2929.12 of the Revised Code. * * *.
 {¶ 16} "The more serious indicators are, first of all, the Defendant committed the offense while on furlough and under community control sanctions, * * *.
 {¶ 17} "Less serious indicators are not present.
 {¶ 18} The court stated that appellant was more likely to recidivate because appellant committed the offense while on community control, appellant had not responded favorably to prior sanctions, appellant has demonstrated a pattern of alcohol abuse, and that appellant showed no genuine remorse.
 {¶ 19} The court further stated that under R.C. 2929.13(B)(1)(h), the offense was committed while appellant was under a community control sanction. The court then stated: "So considering the 2929.13 factor and the seriousness and recidivism factors, the Court concludes that the serious factors outweigh the less serious. And that the likely recidivism factors outweigh the less likely recidivism factors. Court finds further that prison is consistent for the purpose and principals [sic] of sentencing, and that the Defendant is not amenable to any community control sanction. The Court further concludes that the shortest term of imprisonment would demean the seriousness of the Defendant's conduct and would not adequately protect the public from the Defendant."
 {¶ 20} The court then sentenced appellant to 17 months of imprisonment for the attempted conveyance and 11 months for the probations violation. Imposing the sentences to be served consecutively, the court stated:
 {¶ 21} "These two terms shall run consecutively. And because I have ordered consecutive sentences, I am required to make findings on the record for doing that. My findings are that I incorporate by reference all the various facts and factors and findings that I have stated throughout this sentencing. And in addition, I find that the Defendant is dangerous, he is antisocial, and he's incorrigible. And the public would not in any regard be served by turning him back out."
 {¶ 22} Upon review, we find that the trial court failed to find that the imposition of consecutive sentences was "not disproportionate to the seriousness of the offender's conduct * * *." R.C. 2929.14(E)(4). We also find problematic the trial court's attempt to incorporate the requisite findings by reference. Accordingly, we find that the trial court failed to state the requisite findings on the record. R.C. 2953.08(G)(1). Appellant's second assignment of error is well-taken.
 {¶ 23} In his third assignment of error, appellant contends that the trial court erred in denying his motion to dismiss. Specifically, appellant contends that the legislative intent of R.C. 2921.36(A)(2) was to prohibit the conveyance of illegal substances and that appellant had a valid prescription for hydrocodone, or vicodin. We disagree with appellant's argument for the following reasons.
 {¶ 24} First, R.C. 2921.36(A)(2) provides:
 {¶ 25} "(A) No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility or of an institution that is under the control of the department of mental health or the department of mental retardation and developmental disabilities, any of the following items:
 {¶ 26} "* * *;
 {¶ 27} "(2) Any drug of abuse, as defined in section 3719.011
[3719.01.1] of the Revised Code; * * *."
 {¶ 28} R.C. 3719.011 defines "drug of abuse" as a controlled substance as defined in R.C. 3719.01. R.C. 3719.01(C) defines "controlled substance" as "a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V." Hydrocodone, or vicodin, is a schedule II drug. This is the substance that appellant attempted to bring into the Ottawa County detention facility.
 {¶ 29} Second, are the specific facts surrounding appellant's attempt to bring the drug into the detention facility following his furlough which was granted so that he could attend a funeral. It is undisputed that appellant was caught with several vicodin tablets in his anal cavity. Further, according to the state, prior to his furlough, appellant and some other inmates formulated the plan for appellant to bring the vicodin into the facility for their recreational use. These actions are not consistent with an individual innocently bringing his prescription medication into the facility for legitimate personal use.
 {¶ 30} Finally, had appellant wished to have his prescription medication at the facility for his personal, medicinal use, under R.C.2921.36(B) he was required to have written authorization of "the person in charge of the detention facility" and the medication was required to be handled "in accordance with the written rules of the detention facility." Based on the foregoing, we find that the trial court did not err in denying appellant's motion to dismiss and appellant's third assignment of error is not well-taken.
 {¶ 31} Appellant's fourth and final assignment of error challenges the trial court's R.C. 2929.12 sentencing finding that appellant showed no genuine remorse for the offense. At the April 5, 2004 sentencing, the trial court stated:
 {¶ 32} "Defendant shows no genuine remorse. He's sorry he got caught, but I don't think he's sorry he did it. While the pendancy of this action, the Defendant continually looked for ways around the facts of this offense. Principal of which arguing that he had an open prescription for medication. He was justified to convey this on to the premises of the detention facility which, of course, was just simply ludicrous because he stuck it up his butt to get it in there."
 {¶ 33} Appellant stated at the sentencing hearing:
 {¶ 34} "Well, Your Honor, I want to let you know that I know what I did was wrong. Very foolish of me to even think that I would possibly get away with something like that or even attempt to do it, whether I could get away with it or not. I want to let the Court know that I apologize. Also to my family, I apologize."
 {¶ 35} We note that under R.C. 2929.12, the trial court is required to consider whether the defendant shows genuine remorse for the offense. However, a court is not required to believe that the defendant is remorseful simply because such statements were made at the sentencing hearing. State v. Postway, 12th Dist. No. CA2002-06-154, 2003-Ohio-2689, at ¶ 20. Since the trial court is in the best position to assess the credibility of witnesses, it follows that the determination of whether appellant's expression of remorse was genuine is best left for the trial court. Id., citing State v. Hopfer (1996), 112 Ohio App.3d 521, 548
and State v. Nutter, 3d Dist. No. 16-01-06, 2001-Ohio-2253. See, also,State v. Davis, 11th Dist. Nos. 2003-L-027, 2003-L-028, 2004-Ohio-2076, at ¶ 29.
 {¶ 36} Based on the foregoing, and after a careful review of the record, we cannot say that the trial court erred in finding that appellant lacked genuine remorse for the offense. Appellant's fourth assignment of error is not well-taken.
 {¶ 37} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the decision of the trial court finding appellant guilty of attempted illegal conveyance into a detention facility and a probation violation is affirmed. The trial court's judgment sentencing appellant to 17 months in prison for attempted illegal conveyance and 11 months for the probation violation is also affirmed. The portion of the trial court's judgment ordering the sentences to be served consecutively is vacated and the case is remanded for the court to consider the appropriateness of consecutive sentences and to make the requisite findings, if any, on the record. Pursuant to App.R. 24, appellee is to pay the costs of this proceeding.
Judgment affirmed, in part, and vacated, in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J. Concur.