DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, in which defendant-appellant, Michael Schlegel, following a guilty plea, was found guilty of one count of endangering children in violation of R.C. 2919.22(A) and (E)(2)(c) and sentenced to three years incarceration. Appellant now challenges the sentence imposed by the trial court through the following assignment of error:
 {¶ 2} "Appellant's Sixth Amendment rights were violated when the sentencing court made findings of fact that increased his minimum penalty. Alternatively, his sentence is contrary to law because the record does not provide clear and convincing support for the sentence imposed."
 {¶ 3} On June 30, 2004, appellant was indicted and charged with two counts of endangering children in violation of R.C. 2919.22, Count 1 a second degree felony and Count 2 a third degree felony. The indictment was filed as a result of first and second degree burns sustained by appellant's son, Hunter, on his feet and lower legs on January 13, 2004. Hunter sustained the burns after either climbing into, or being placed into, a bathtub of scalding water. Appellant treated the burns by applying bologna and Noxema cream to them, but appellant did not seek medical attention for two days, at which time Hunter's feet were blistered and peeling.
 {¶ 4} On August 30, 2004, appellant withdrew his prior not guilty plea and entered a plea of guilty to Count 2 of the indictment, endangering children in violation of R.C. 2919.22(A) and (E)(2)(c). In exchange for his plea, the state agreed to enter a nolle prosequi as to Count 1 of the indictment. On September 13, 2004, the case proceeded to a sentencing hearing at which appellant and his attorney gave statements and a letter from the victim's grandmother was read to the court. In addition, the court noted that it had read the presentence investigation report. After stating that it had considered the sentencing statute, the court found, pursuant to R.C. 2929.12, that appellant's conduct was more serious than conduct normally constituting the offense of endangering children because the injury was exacerbated by the age of the victim and the victim suffered serious physical and psychological harm. With regard to recidivism, the court found that it was more likely because appellant showed a lack of remorse. The court also noted that other marks on the child's body indicated that this was not the only time that he had been abused. The court then stated that it had considered the minimum sentence and found that it would demean the seriousness of the offense and would not adequately protect the community. The court then sentenced appellant to a prison term of three years and ordered him to pay the costs of prosecution. It is from that sentence that appellant now appeals.
 {¶ 5} Appellant's assignment of error is twofold. First, appellant asserts that his sentence is unconstitutional because the lower court imposed upon him a non-minimum sentence where the factual findings essential to that sentence, namely that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by appellant or others, were not stipulated to by appellant or based on facts in the record. In support of his argument, appellant relies on the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296. This court, however, has repeatedly held that the Blakely protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme and that Blakely applies only when the maximum sentence in the available range for an offense has been exceeded which, under Ohio law, simply does not occur. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217; see, also, State v. Benore, 6th Dist. No. OT-04-021, 2005-Ohio-2944.
 {¶ 6} Second, appellant asserts that even if we find no merit to hisBlakely argument, his sentence is otherwise contrary to law because the record does not support the sentencing court's findings as to the seriousness and recidivism factors. We disagree.
 {¶ 7} R.C. 2929.14(A)(3) provides that for a third degree felony, the sentencing range is one to five years imprisonment. There is no presumption either for or against a prison sentence for a third degree felony offense. Rather, R.C. 2929.13(C) states that in determining whether to impose a prison term as a sanction for a third degree felony, the sentencing court shall comply with the purposes and principles of sentencing set forth in R.C. 2929.11 and with R.C. 2929.12. The purposes and principles of sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). A sentencing court, however, has discretion to determine the most effective way to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.12. In exercising that discretion, R.C. 2929.12(A) directs the sentencing court to consider the factors set forth in R.C. 2929.12(B) and (C) in determining whether the offender's conduct is more serious or less serious than conduct normally constituting the offense for which the defendant is being sentenced. Similarly, the sentencing court is to consider factors set forth in R.C.2929.12(D) and (E) in determining whether the offender is more likely or less likely to commit future crimes.
 {¶ 8} In the proceedings below, the sentencing court found that appellant's conduct was more serious than conduct normally constituting the offense of endangering children because the injury was exacerbated by the age of the victim, R.C. 2929.12(B)(1), and the victim suffered serious physical and psychological harm, R.C. 2929.12(B)(2). These findings are supported by the record. The victim was three years old at the time of the offense and spent ten days in the hospital recovering from his injuries. His grandmother stated that he is afraid of the water, is in counseling and has begun to act out toward other children as well as adults. With regard to the recidivism factors, the court found that appellant lacked remorse. R.C. 2929.12(D)(5). Upon a review of the record, we cannot find by clear and convincing evidence that the record does not support the lower court's finding in this regard.
 {¶ 9} Accordingly, the sole assignment of error is not well-taken.
 {¶ 10} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
Pietrykowski, J., Skow, J., Parish, J., Concur.