DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, in which appellant, Joseph A. Wilson, entered a negotiated plea and was found guilty of one count of involuntary manslaughter in violation of R.C. 2903.04(A). The conviction carried a gun specification. Appellant was sentenced to nine years on the involuntary manslaughter conviction and a mandatory three years on the gun specification. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth two assignments of error:
 {¶ 3} "I. The court's sentence violates the Sixth Amendment and the mandates of Blakely v. Washington. Alternatively, the sentence is contrary to law under a clear and convincing standard of review.
 {¶ 4} "II. Appellant was denied his right to effective counsel."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On or about March 19, 2004, appellant and his acquaintance, Cranston Baccus, concocted a scheme to conduct an armed robbery of the Gold Star Market in central Toledo. Pursuant to the scheme, appellant agreed to perform the armed robbery. Baccus agreed to appear to be taken hostage by appellant at gunpoint and portray an unwitting customer/hostage. Appellant then planned to rob the store and its patrons. This inept subterfuge led to fatal consequences.
 {¶ 6} On March 19, 2004, the parties set out to execute their criminal plans. Appellant entered the Gold Star Market on Lagrange Street in Toledo, announced an armed robbery, brandished a .32 caliber handgun, thrust his arm around Baccus, and put the loaded gun to his head. In the course of this premeditated armed robbery, appellant discharged the weapon into the head of Baccus. Baccus was killed. On or about March 29, 2004, appellant was indicted on one count of involuntary manslaughter pursuant to R.C. 2903.04(A) and one count of aggravated robbery pursuant to R.C. 2911.01(A)(1). Both counts carried gun specifications.
 {¶ 7} On May 28, 2004, counsel for appellant filed a motion to suppress a statement furnished by appellant to police on the day the crimes were committed. During appellant's interrogation, he was incorrectly advised by a detective that his silence could be utilized against him. Appellant ultimately confessed to conspiring with Baccus, participating in the armed robbery of the market, and shooting Baccus in the head. Appellant asserts the shooting of Baccus was accidental. Appellant denies knowing how or why his gun discharged into Baccus' head during the armed robbery.
 {¶ 8} On June 21, 2004, following mutual negotiations between the prosecutor and counsel for appellant, a voluntary plea arrangement was reached. Due to evidentiary concerns based upon the circumstances of appellant's confession, the state agreed to dismiss the aggravated robbery charge and agreed on the record not to seek a murder indictment against appellant pursuant to R.C. 2903.02(B).
 {¶ 9} On June 21, 2004, counsel for appellant withdrew the motion to suppress in conjunction with this universal plea agreement. On June 21, 2004, appellant pled guilty to one count of involuntary manslaughter with a gun specification in exchange for the dismissal of the aggravated robbery count with a gun specification. The state put on the record its agreement not to seek a murder indictment.
 {¶ 10} On July 15, 2004, appellant was sentenced by the trial court. The trial court precisely and thoroughly explained to appellant all aspects of the proceedings and appellant's options during the sentencing hearing. Appellant was advised that his guilty plea would produce an accompanying sentence that could range from three to ten years for the involuntary manslaughter count and a mandatory consecutive sentence of three years for the gun specification.
 {¶ 11} The trial court inaccurately, but harmlessly, stated during the sentencing proceedings that incarceration for the involuntary manslaughter count was mandatory, as opposed to a rebuttable presumption of incarceration. Appellant was sentenced to nine of the ten possible years for the involuntary manslaughter count and three consecutive years for the gun specification for a total of 12 years incarceration.
 {¶ 12} On August 18, 2004, the trial court upon its own motion vacated the original plea and sentencing to rectify its technical misstatement on the distinction between rebuttable presumption of incarceration versus mandatory incarceration. The trial court fully explained to appellant at resentencing that neither appellant nor the state was bound by the prior plea arrangement.
 {¶ 13} Appellant elected to avoid the risk of murder and aggravated robbery convictions. The parties agreed to honor the initial negotiated plea deal. The distinction between rebuttable presumption of incarceration and mandatory incarceration for an involuntary manslaughter conviction was explained to appellant. Appellant indicated his understanding throughout the resentencing hearing.
 {¶ 14} Appellant pled to one count of involuntary manslaughter with a gun specification. The trial court found the presumption of incarceration was not rebutted. Appellant was again sentenced to nine years on the involuntary manslaughter conviction and three years on the gun specification. The trial court made requisite statutory sentencing findings at both the original sentencing and during the resentencing hearing.
 {¶ 15} In this first assignment of error, appellant asserts his sentence was unconstitutional pursuant to Blakely v.Washington (2004), 542 U.S. 296.
 {¶ 16} This court has consistently rejected the application of Blakely analysis to Ohio's materially differential statutory criminal sentencing scheme. The trial court did not exceed maximum sentencing ranges in this case. As such, Blakely is inapplicable. State v. Schlegel, 6th Dist. No. L-04-1353,2005-Ohio-5738, at ¶ 5. This court has distinguished Blakely
based upon the non analogous statutory sentencing schemes of Ohio and Washington. These distinctions render Blakely inapplicable in Ohio. State v. Curlis, 6th Dist. No. WD-04-032,2005-Ohio-1217. Based upon our decision in Curlis and its progeny, appellant's argument that his sentencing was unconstitutional pursuant to Blakely is not well taken. Statev. Johnson, 6th Dist. No. L-04-1258, 2005-Ohio-5459, at ¶ 5.
 {¶ 17} Appellant proposes as an alternative basis of his first assignment of error, if Blakely is rejected, that his sentence is not supported by clear and convincing evidence. An appellate court cannot disturb a trial court sentence absent the record demonstrating that it was not properly supported by clear and convincing evidence. R.C. 2953.08(G). Appellant was convicted and sentenced on one count of involuntary manslaughter. We must review the statutory language and ascertain whether the trial court possessed clear and convincing evidence in support of the conviction and sentence. R.C. 2903.04(A) states in relevant part:
 {¶ 18} "No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a felony."
 {¶ 19} The trial court record contains sufficient evidence that on March 19, 2004, appellant entered the Gold Star Market, brandished a loaded .32 caliber gun, announced that a robbery was under way, physically grabbed Baccus, shot him in the head, and killed him. Appellant relies heavily upon his contention that his shooting and killing of Baccus was accidental.
 {¶ 20} The record contains no evidence that the gun malfunctioned. The record contains no evidence that anyone physically interfered with appellant causing him to accidentally pull the trigger of the gun. The record contains no evidence that appellant lost control of his physical capabilities, causing the gun to discharge.
 {¶ 21} The record contains clear and convincing evidence establishing appellant committed an act of involuntary manslaughter, proximately causing the death of Baccus on March 19, 2004. The record reflects the trial court made the requisite statutory findings at both the original sentencing and the resentencing in support of its sentence. The trial court noted the serious and fatal nature of the offense, which would render a minimum sentence demeaning. The trial court noted the compelling need to protect the public from an individual willing to brandish and use a loaded gun in a public venue. The trial court acknowledged several mitigating factors and sentenced appellant to a total of twelve years incarceration. Because the record contains clear and convincing evidence in support of the conviction and sentence, and because we find Blakely
inapplicable, appellant's first assignment of error is not well taken.
 {¶ 22} In his second assignment of error, appellant asserts that he was denied effective counsel. The Supreme Court of Ohio has repeatedly affirmed the guiding principle which we must follow in analyzing ineffective assistance of counsel claims. A properly licensed Ohio attorney is presumed competent. State v.Hamblin (1988), 37 Ohio St.3d 153.
 {¶ 23} The burden is placed upon one alleging incompetence to present compelling evidence indicative of deficient competency by trial counsel. To prevail on an ineffective assistance of counsel claim one must satisfy two-prong test. First, compelling evidence must be presented establishing the representation of counsel fell below an objective threshold of reasonableness. Second, and more importantly, it must be demonstrated that the ultimate results of the criminal proceeding would have been different absent the alleged errors of counsel. State v. Womack, 6th Dist. No. L-04-1092, 2005-Ohio-2689, at ¶ 14.
 {¶ 24} In support of his second assignment of error, appellant places great importance on conjecture of what trial counsel "should have" done in the course of his representation. Appellant asserts trial counsel should have proceeded with the motion to suppress, rather than using it to receive concessions in the terms of the plea agreement. Appellant asserts trial counsel should have convinced the prosecution to agree to allow appellant to receive the plea agreement yet allow appellant to appeal the issue of suppression. Trial counsel's inability to sell the prosecution a one-sided deal is not indicative of ineffective assistance of counsel. Lastly, appellant argues counsel should have secured a complete and exact sentencing recommendation as part of the plea arrangement. This argument fails to acknowledge the trial court's discretion on such matters. It also fails to take into consideration the significant concessions secured by trial counsel in the plea arrangement. The prosecution could have sought an indictment for murder, rather than the lesser charge of involuntary manslaughter. Ohio's relevant murder statute, R.C. 2903.02(B), states in relevant part:
 {¶ 25} "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree." Appellant could have been indicted and tried under this section but for the plea agreement.
 {¶ 26} The record establishes that trial counsel engaged in no conduct during the course of his representation of appellant which can properly or fairly be characterized as unreasonable or falling below objective standards of adequate legal representation. There is no evidence of a different outcome but for perceived errors of counsel. Appellant's second assignment of error is found not well taken.
 {¶ 27} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Skow, J. Parish, J. concur.