OPINION *Page 2 
{¶ 1} Defendant-appellant Matthew Lee Brown ("Brown") brings this appeal from the judgment of the Court of Common Pleas of Allen County.
 {¶ 2} On June 1, 2006, Brown entered a guilty plea to one count of aggravated robbery and one count of felonious assault. A presentence investigation was ordered. On July 1, 2006, a sentencing hearing was held. At the hearing, no valid proof of the receipts stolen was available. The trial court ordered Brown to serve a sentence of ten years in prison. The trial court then stated that it was holding in abeyance the issue of restitution until submission of proof was made. Tr. 12. In its judgment entry, the trial court was silent as to the imposition of restitution. Brown appeals from this judgment and raises the following assignment of error.
 The trial court committed an error of law by failing to hold a hearing to determine the amount of restitution.
 {¶ 3} The trial court has the authority to require the defendant to make restitution to the victim for the economic loss suffered. R.C.2929.18(A)(1). "If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." Id. When statements made at the sentencing hearing are inconsistent with the sentence stated in the journal entry, the entry will control. State v. Scovil (1998), 127 Ohio App.3d 505, *Page 3 713 N.E.2d 452. A trial court speaks only through its journal entries and not by oral pronouncement. Id.
 {¶ 4} Here, the record indicates that the trial court had information before it that the victim had suffered some economic loss, however the amount was disputed by appellant. Based upon this, the trial court took the issue of restitution under advisement. The subsequent sentencing journal entry, while noting that the victim had suffered economic loss, was silent as to restitution, meaning that no restitution was ordered. Jurisdiction over the matter was not reserved by the trial court, thus the judgment is final. Since no restitution was ordered, the trial court did not err in failing to hold a hearing on the issue. The assignment of error is overruled.
 {¶ 5} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment Affirmed.
 SHAW and PRESTON, JJ., concur. *Page 1