[Cite as *State v. Jones*, 2022-Ohio-3349.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29362 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-3983 |
| | : | |
| JOSIAH JONES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of September, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRISTOPHER BAZELEY, Atty. Reg. No. 0077473, 9200 Montgomery Road, Suite 8A, Cincinnati, Ohio 45242
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Josiah Jones appeals his conviction for two counts of gross sexual imposition (GSI) (victim under 13), in violation of R.C. 2907.05(A)(4), both felonies of the third degree. Jones filed a timely notice of appeal on January 18, 2022.

{¶ 2} On September 21, 2021, Jones was indicted for three counts of GSI (victim under 13), in violation of R.C. 2907.05(A)(4), all felonies of the third degree; three counts of GSI (by force), in violation of R.C. 2907.05(A)(1), all felonies of the fourth degree; and one count of rape (by force), in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. At his arraignment, Jones stood mute, and the trial court entered a plea of not guilty on his behalf. An amended indictment was filed on October 19, 2021, re-indicting Jones on the same seven counts. All of the charges arose from improper sexual contact Jones initiated with his minor sister.

{¶ 3} On December 7, 2021, Jones pled guilty by bill of information to two counts of GSI (victim under 13), in violation of R.C. 2907.05(A)(4), both felonies of the third degree. In exchange for Jones's guilty pleas, the State dismissed all of the counts in the indictment. The trial court ordered the preparation of a presentence investigation report (PSI), and a psychologist was appointed to evaluate Jones for the purpose of formulating a sentence.

{¶ 4} At Jones's sentencing on January 12, 2022, the trial court imposed 60 months in prison on each count of GSI. The trial court ordered Jones's sentences to be served concurrently, for an aggregate prison term of 60 months. The trial court also designated Jones a Tier II sex offender/child victim offender.

{¶ 5} Jones appeals.

**{¶ 6}** Because they are interrelated, we will discuss Jones's first and second assignments of error together as follows:

THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE A FINDING WHETHER JOSIAH JONES REBUTTED THE PRESUMPTION OF INCARCERATION IN R.C. 2907.05(C)(2).

THE TRIAL COURT'S FAILURE TO MAKE A FINDING WHETHER JOSIAH JONES REBUTTED THE PRESUMPTION OF INCARCERATION UNDER R.C. 2907.05(C)(2) DENIED HIM HIS STATUTORY RIGHT TO MEANINGFUL APPELLATE REVIEW OF HIS SENTENCE.

**{¶ 7}** In his first assignment, Jones contends that the trial court erred by sentencing him to prison without making an explicit finding regarding whether he had rebutted the statutory presumption of incarceration that applies to a conviction for third-degree felony GSI. Because of that alleged error, Jones argues in his second assignment that he was denied a "meaningful appellate review of his sentence."

**{¶ 8}** In support of his argument that the trial court erred by failing to make an explicit finding regarding whether he had rebutted the statutory presumption of incarceration, Jones cites *State v. Martin*, 10th Dist. Franklin No. 08-AP-1103, 2009-Ohio-3485. In *Martin*, the court stated that R.C. 2929.13(D)(2) requires a trial court to make specific findings that the presumption of incarceration has been overcome before imposing a term of community control sanctions for a defendant convicted of a felony of the second degree. *Id.* at ¶ 6. However, R.C. 2929.13(D)(2), by its own language, only applies to sentences imposed for felonies of the first or second degree and certain felony

drug offenses. Additionally, R.C. 2929.13(D)(2) requires that the specific findings be made only in situations where the trial court does *not* impose a prison term. Furthermore, R.C. 2929.13(D)(1) explicitly states that "[d]ivision (D)(2) of this section *does not apply* to a presumption established under this division" to a conviction for GSI pursuant to R.C. 2907.05(A)(4), the offenses of which Jones was convicted. Thus, R.C. 2929.13(D)(2) has no applicability in Jones's case because the trial court was not required to make findings regarding whether Jones had rebutted the statutory presumption of incarceration that applies to a conviction for third-degree felony GSI.

{¶ 9} In addition to *Martin*, Jones cites several other Ohio appellate cases from different jurisdictions in support of his argument that a trial court is required to address whether the presumption of incarceration has been rebutted during sentencing when the issue is raised by a party. *See State v. Martin*, 10th Dist. Franklin 09-AP-1073, 2010-Ohio-5863, ¶ 8-11; *State v. Kuykendall*, 12th Dist. Butler No. 2017-01-006, 2017-Ohio-7280, ¶ 12-15; *State v. Ford*, 9th Dist. Summit No. 23678, 2007-Ohio-5935, ¶ 4; *State v. Wilson*, 6th Dist. Lucas No. L-04-1264, 2006-Ohio-468, ¶ 11-14; and *State v. Scovil*, 127 Ohio App.3d 505, 508-510, 713 N.E.2d 452 (8th Dist.1998). These cases all support the requirement under R.C. 2929.13(D)(2) that the trial court make specific findings *only if the court does not impose a prison term* for an offense that carries a presumption of incarceration. However, a trial court is *not* required to make findings with respect to the presumption of incarceration when the court follows the presumption by imposing a prison term. Accordingly, the cases cited by Jones are clearly distinguishable.

{¶ 10} To the extent that Jones seeks to have this Court modify his sentence, we

emphasize that the Supreme Court of Ohio has clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2). *State v. Jones*, 163 Ohio.St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. The Supreme Court determined that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31. Thus, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").

{¶ 11} In *Jones*, the Supreme Court also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is

contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.*, citing *State v. Brown*, 2017-Ohio 8416, 99 N.E.3d 1135 (2d Dist.).

**{¶ 12}** As previously stated, Jones was sentenced for two counts of GSI of a child under 13 years of age, both felonies of the third degree pursuant to R.C. 2907.05(A)(4). Furthermore, Jones's concurrent 60-month prison terms for those offenses fell within the statutory range for felonies of the third degree. *See* R.C. 2929.14(A)(3)(a). Additionally, there is a presumption that a term of imprisonment is necessary in order to comply with the purposes and principles of sentencing when imposing a sentence for GSI in violation of R.C. 2907.05(A)(4). *See* R.C. 2907.05(C)(2); R.C. 2929.13(D)(1).

**{¶ 13}** At Jones's sentencing hearing, the trial court stated the following:

> * * * And for the record, I do have the Defendant's presentence investigation which I read.

> The Defendant provided – I'm not sure where this came from. It's attached to the [PSI]. But a letter from – I'm going to call it a letter – from the Defendant. That may have been provided as part of the presentence investigation.

> In addition, I have the report from Dr. Jaime Adkins that was requested by [defense counsel] and that will also be attached to the presentence investigation. I reviewed that also.

> Even though the Victim Advocate read the statement today, that was

provided to me either yesterday or this morning from the presentence investigation office also and I have reviewed that.

* * *

And there are many things I have to consider in sentencing and having done that and considered the purposes and principles of sentencing and the seriousness and recidivism factors, on each count I'm going to sentence you to 60 months at the Correction Reception Center. That will be served concurrently for a total of 60 months which is five years.

Tr. 23-25.

{¶ 14} The prison terms imposed by the trial court in this case were within the statutory range, and the trial court specifically considered the statutory factors in R.C. 2929.11 and R.C. 2929.12 when it fashioned Jones's aggregate sentence for his GSI convictions. *See, e.g., State v. Eichele*, 11th Dist. Geauga No. 2015-G-0050, 2016-Ohio-7145 (upholding the prison sentence for GSI even though defendant had no criminal record, had led a law-abiding life, and was at a very low risk to reoffend, as the victim suffered serious psychological harm due to being molested by her father at a very young age); *State v. Brooks*, 11th Dist. Trumbull No. 2015-T-0111, 2016-Ohio-4743 (upholding the maximum prison sentence for GSI even though defendant had minimal criminal history and was at low risk to reoffend as defendant expressed no remorse for his actions, the victim was the defendant's young granddaughter, and the victim suffered psychological harm). In light of the foregoing, Jones cannot demonstrate that his sentence was clearly and convincingly contrary to law, and his sentence must be affirmed.

*See State v. Burks*, 2d Dist. Clark No. 2019-CA-70, 2021-Ohio-224, ¶ 9.   Under *Jones*,

this ends the inquiry regarding the individual and aggregate sentences.

{¶ 15} Jones's first and second assignments are overruled.

{¶ 16} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Christopher Bazeley
Hon. Mary Katherine Huffman