OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. Because the trial court failed to make the findings required by R.C. 2929.13(D)(1) and (2) and to state its reasons for these findings as required by R.C.2929.19(B)(2)(b) in sentencing appellee to community control, we reverse that judgment and remand the matter for resentencing.
 {¶ 2} On August 23, 2004, defendant-appellee, John W. Wooden, Jr., was indicted for one count of aggravated robbery in violation of R.C. 2911.01, two counts of robbery in violation of R.C. 2911.02, one count of carrying a concealed weapon in violation of R.C. 2923.12, and one count of having a weapon while under disability in violation of R.C. 2923.13. Appellee allegedly drove another person to a bank where that person robbed a bank customer of over $35,000 in checks and money. Appellee then drove the person away from the bank. Appellee initially entered a not guilty plea to the charges. However, on December 16, 2004, appellee entered a guilty plea to one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. The trial court dismissed the remaining counts. The trial court accepted appellee's guilty plea, found him guilty, but delayed sentencing so that a presentence investigation could be prepared and reviewed before sentencing.
 {¶ 3} The trial court sentenced appellee on March 2, 2005. The State requested the trial court to impose a prison term, citing the presumption of a prison term for appellee's felony conviction, his prior criminal record and time in prison, and the facts of the offense. The trial court rejected the State's request and placed appellee on community control for four years.
 {¶ 4} The State appeals, assigning the following errors:
[I.] THE TRIAL COURT ERRED IN IMPOSING COMMUNITY CONTROL WHEN IT FAILED TO MAKE THE REQUIRED FINDINGS AND FAILED TO GIVE ADEQUATE REASONS FOR OVERCOMING THE PRESUMPTION IN FAVOR OF A PRISON TERM.
[II]. THE TRIAL COURT'S IMPOSITION OF COMMUNITY CONTROL IS CONTRARY TO LAW, AS DEFENDANT CANNOT OVERCOME THE PRESUMPTION IN FAVOR OF A PRISON TERM.
 {¶ 5} Appellee pled guilty to one count of robbery, in violation of R.C. 2911.02(A)(2). That offense is a felony of the second degree. See R.C. 2911.02(B). For a second degree felony, it is presumed that a prison term is necessary to comply with the purposes and principles of sentencing under R.C. 2929.11. See R.C. 2929.13(D). The trial court did not sentence appellee to a prison term but, rather, placed him on community control. The presumption of a prison term for a second degree felony may be overcome, and a trial court may impose community control sanctions if it makes both of the following findings:
(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
R.C. 2929.13(D)(1) and (2). The trial court must also state its reasons for making these findings. R.C. 2929.19(B)(2)(b). The trial court must make its findings and give its reasons for those findings at the sentencing hearing. See State v. Roth, Cuyahoga App. No. 82460, 2003-Ohio-6616, at ¶ 13 (imposing community control); cf. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 20 (imposing consecutive sentences).
 {¶ 6} The State contends in its first assignment of error that the trial court failed to make the required findings and to give its reasons for imposing a community control sanction. We agree. At appellee's sentencing hearing, the trial court failed to make the findings required by R.C. 2929.13(D) to impose community control sanctions and obviously, therefore, did not provide reasons for those findings. Accordingly, the State's first assignment of error is sustained. See State v. Krause,
Richland App. No. 2004-CA-74, 2005-Ohio-1058, at ¶ 10 (remanding matter for resentencing where trial court failed to make required findings to impose community control).
 {¶ 7} In its second assignment of error, the State contends that any imposition of community control sanctions in this case would be contrary to law and that this court should remand the case to the trial court with instruction to impose a prison term. We disagree and remand the matter to the trial court to make whatever findings it deems appropriate and to enter a sentence based on those findings. The State's second assignment of error is overruled.
 {¶ 8} The State's first assignment of error is sustained and its second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to the trial court for resentencing in compliance with the applicable statutory sentencing guidelines.
Judgment reversed and cause remanded for resentencing.
Petree and McGrath, JJ., concur.