The STATE of Ohio, Appellant,

v.

MARTIN, Appellee.

[Cite as *State v. Martin*, 192 Ohio App.3d 681, 2011-Ohio-951.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–1073.

Decided March 3, 2011.

Ron O'Brien, Franklin County Prosecuting Attorney, and John H. Cousins IV, Assistant Prosecuting Attorney, for appellant.

W. Joseph Edwards, for appellee.

CONNOR, Judge.

{¶ 1} This case is before the court upon applications for reconsideration and for en banc consideration filed by appellant, the state of Ohio, regarding our decision

to affirm the trial court's resentencing of the defendant to a period of community control. These applications arise out of a second appeal filed by the state of Ohio.

{¶ 2} In its first appeal, the state of Ohio presented the following two assignments of error:

First Assignment of Error

The trial court erred in imposing community control when it failed to make the required findings and failed to give adequate reasons for overcoming the presumption in favor of a prison term.

Second Assignment of Error

The trial court's imposition of community control is contrary to law, as defendant cannot overcome the presumption in favor of a prison term.

*State v. Martin,* 10th Dist. No. 08AP–1103, 2009-Ohio-3485, 2009 WL 2101833, ¶ 4 (*"Martin I"*).

{¶ 3} With respect to the first assignment of error, Judge French wrote for the majority:

Here, the trial court attempted to provide the requisite findings and reasons in its sentencing entry. Nevertheless, a trial court must provide the findings and reasons at the sentencing hearing. See *State v. Wooden,* 10th Dist. No. 05AP–330, 2006-Ohio-212 [2006 WL 158434], ¶ 5. Although the trial court said at the sentencing hearing that community control "is the best way to protect the public," the court did not find that, under the R.C. 2929.12 factors, a community control sanction would adequately punish appellee and protect the public from future crime. Likewise, the trial court failed to find at the sentencing hearing that, under the R.C. 2929.12 factors, a community control sanction would not demean the seriousness of appellee's offense. Without these findings, the court failed to provide the required reasons to support a community control sanction. Therefore, we conclude that the trial court contravened R.C. 2929.13(D)(2) and 2929.19(B)(2)(b) when it imposed community control without providing the required findings and supporting reasons at the sentencing hearing. Accordingly, we sustain appellant's first assignment of error.

*Martin I* at ¶ 7.

{¶ 4} With respect to the state's second assignment of error, Judge French wrote:

In its second assignment of error, appellant asks us to review the record and determine that appellee must be sentenced to prison because the statutory findings and supporting reasons for a community control sanction cannot be made. We decline. Because the trial court sentenced appellee to community control without providing the required statutory findings and supporting

reasons at the sentencing hearing, the sentencing laws mandate that we remand this case to give the trial court the opportunity to do so. R.C. 2953.08(G)(1); *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855 [846 N.E.2d 1], ¶ 35–36. Therefore, we overrule appellant's second assignment of error. *Martin I* at ¶ 8. The case was then remanded, and the trial court held a resentencing hearing on October 22, 2009. After the resentencing hearing, the trial court again found that the presumption in favor of prison had been overcome and sentenced the defendant to community control. By this time, the defendant had been incarcerated 312 days.

{¶ 5} The state of Ohio appealed the trial court's sentencing a second time and again raised the same two assignments of error that were raised in the first appeal.

{¶ 6} On December 2, 2010, Judge Tyack, writing for the majority, found:

A panel of this court overruled the second assignment of error, which is identical to the second assignment of error the State alleges in this appeal. This issue has already been decided by this appellate court. The second assignment of error in this appeal is therefore overruled, based upon the doctrine of res judicata.

In the first appeal, a panel of this court found that the trial court had not made all the findings required to overcome the legal presumption in favor of incarceration in a state prison for the offense of felonious assault. The trial court needed to find, under R.C. 2929.13(D)(2)(a) and (b):

(a) A community control sanction * * * would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction * * * would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

Following a remand to the trial court, the trial judge took great pains to attempt to comply with our mandate. The trial court held an additional sentencing hearing and issued a detailed sentencing entry which included the following.

*State v. Martin,* 10th Dist. No. 09AP–1073, 2010-Ohio-5863, 2010 WL 4925841, ¶ 6–8 (*"Martin II "*).

{¶ 7} Judge Tyack quoted the trial judge's findings made in open court, writing:

The trial court went on to explain its findings, including a detailed review of Martin's mental health challenges and states:

In summary, the court finds that the presumption in favor of a term of imprisonment is rebutted on the evidence before it.

We find that the trial court followed our mandate and made the appropriate findings necessary to grant community control in this case. We, therefore, overrule the first assignment of error.

*Martin II* at ¶ 10–11.

{¶ 8} The state alleges several errors in its applications for reconsideration and en banc consideration. When presented with an application for reconsideration, an appellate court must determine whether the application calls to the court's attention an obvious error in its decision, or raises an issue for consideration that was either not considered at all or not fully considered by the court when it should have been. *State v. Rowe* (Feb. 10, 1994), 10th Dist. No. 93AP–1763, 1994 WL 41312, citing *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." *State v. Owens* (1996), 112 Ohio App.3d 334, 336, 678 N.E.2d 956. "App.R. 26 does not provide specific guidelines to be used by an appellate court when determining whether a decision should be reconsidered or modified." Id. at 335. Furthermore, if two or more appellate court decisions from the same district are in conflict, that appellate court must convene en banc to resolve the conflict. *Fleisher v. Ford Motor Co.,* 10th Dist. No. 09AP–139, 2009-Ohio-4847, 2009 WL 2940168, ¶ 6.

{¶ 9} The first two alleged errors address the state's second assignment of error and the majority's determination that the second assignment of error was barred by res judicata. We shall address those alleged errors first.

{¶ 10} Upon reconsideration, we find that there is merit to the state's contention that res judicata is not applicable here. Although we declined to review the record in the first appeal and to determine that a prison sentence was required because the statutory findings and supporting reasons for a community-control sanction could not be made, a subsequent assignment of error on this same issue following a new hearing upon remand is not barred by res judicata. Because the issue before us on the second appeal involved a new sentencing hearing with new arguments, new information, and additional facts not previously available, and because the trial court made new findings as a result of that, the doctrine of res judicata is not applicable.

{¶ 11} " 'The doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' " *Quality Ready Mix, Inc. v. Mamone* (1988), 35 Ohio St.3d 224, 227, 520 N.E.2d 193, quoting 30 American Jurisprudence 908, Section 161.

{¶ 12} After remand, there was no final judgment of conviction, and the defendant's conviction upon resentencing was based upon new and additional information. Therefore, we find that res judicata is not applicable to the state's second assignment of error, and we grant the state's application for reconsideration on that limited issue and to that limited extent. However, this does not alter the majority's ultimate determination regarding the outcome of this appeal, as will be explained more fully below when we address the state's fourth and fifth alleged errors.

{¶ 13} In its third assertion of error, the state argues that the majority erred by relying on the written sentencing entry to conclude that the trial court satisfied the requirement to make findings under R.C. 2929.13(D)(2) and 2929.19(B)(2)(b) at the sentencing hearing.

{¶ 14} The state is correct in arguing that a court's reliance upon findings set forth in a sentencing entry in order to meet the requirement for establishing the necessary findings and providing applicable reasoning *at the sentencing hearing* is improper. See *State v. Wooden*, 10th Dist. No. 05AP–330, 2006-Ohio-212, 2006 WL 158434, ¶ 5 (a trial court must make its findings and also give its reasons for those findings at the sentencing hearing). See also *Martin I*, 2009-Ohio-3485, 2009 WL 2101833, at ¶ 7 (the trial court must provide its findings and reasons at the sentencing hearing).

{¶ 15} However, we disagree with the state's characterization that the majority here relied upon the written sentencing entry, which was journalized several days after the sentencing hearing, in order to determine that the proper findings and the corresponding reasons were established at the sentencing hearing. Although the majority may have cited the sentencing entry in demonstrating the ways in which the trial court set forth its findings and reasons, we did not rely upon the sentencing entry as a substitute to make up for findings not made at the hearing in order to determine that the appropriate findings and corresponding reasons had been set forth. While it could possibly be inferred that we relied upon the sentencing entry, we now clarify, as set forth in the analysis below, that we find that the trial court satisfied the requirements set forth in R.C. 2929.13(D) and cited the factors in R.C. 2929.12 at the sentencing hearing itself, independently from any findings set forth in the sentencing entry. As a result, and because

there is no conflict, we deny the state's application for en banc consideration, as well as its application for reconsideration on this issue.

{¶ 16} In making its fourth and fifth assertions of error, the state alleges that upon reimposing community control, the trial court again failed to make the findings required by R.C. 2929.13(D) on the record at the sentencing hearing. Specifically, the state argues that the majority erred in determining that the trial court sufficiently explained how community control would protect the public and punish the offender and would not demean the seriousness of the offense, using the factors set forth in R.C. 2929.12.

{¶ 17} For the reasons set forth below, we find that the trial court made the required findings and gave adequate reasons for overcoming the presumption in favor of a prison term. We also find that the imposition of community control was not contrary to law.

{¶ 18} Upon review of the record of the resentencing hearing, the court made the following findings:

[THE COURT:] Nevertheless, I make the findings in 2929.13(D)(2)(a) and (b) that a community control sanction is the best option to both adequately punish the defendant and to protect the public from future crime.[1] And that incarceration, which would interrupt the modest rehabilitation that Mr. Martin has undertaken for himself and that Southeast has tried to guide him, consistent with the Netcare report from last year about the deep-seated psychological issues that he's got to grapple with from his childhood, that community control is far better and far less costly than using incarceration, which will at the end of the day of incarceration, even if it's the maximum of eight years, still leave Mr. Martin a fairly young man with the rest of his life in which he's going to have to conform his behavior to the law and overcome the psychological issues that have driven us to some degree here today.

The factors in 2929.12 that indicate a lesser likelihood of recidivism if there is community control linked with mental health care that is actually given, and not merely promised, by society justify a community control sanction and outweigh the factors in 2929.12 that indicate a greater likelihood of recidivism, in my view.[2]

The poor mental health of the defendant was a significant factor at the time of the crime based upon the psychological information we have available, *rather than this being purely a case of criminality.*[3]

---

1. See R.C. 2929.13(D)(2)(a).

2. See R.C. 2929.13(D)(2)(a).

3. See R.C. 2929.13(D)(2)(b).

In committing the offense, it appears the defendant acted under some perceived *strong provocation.*[4] Now that may be totally fallacious, and he did enter a guilty plea to the crime, but he does claim, as has been pointed out, *not remembering assaulting the victim, and that gives some ground to mitigate the offender's conduct, although it is surely not a defense.*[5]

The defendant, according to psychological evidence, suffers from PTSD, bipolar issues, and at least, normally, requires psychological medication to function. I take very seriously Mr. Edwards' comment that he's not on his meds now, but I still think that is a factor that can be addressed more swiftly and more accurately on a continuing basis using community control rather than tossing him in to the prison system.

I won't reiterate all the facts in the Netcare report of September 24th, '08, that produced the PTSD, anxiety, and deep psychological trauma, but at the same time, it's a man who is able to get through one year of college at Muskingum and who has the ability, I believe, in a *proper structure in the community to be a productive member of society.*

The court is concerned with a man who has done the crime like Mr. Martin of the ultimate protection, long term, of the public, and I think *given that focus, that the findings under 2929.13(D)(2)(b) can be made. That community control with that long-term focus will not demean the seriousness of the offense.*[6]

(Emphasis added.)

The trial court further found:

*I do not believe the facts show that the [factors] suggesting the defendant's conduct was more serious than normally constituting the offense is fair, given the psychological background.* And as I've already said, *we've already incarcerated Mr. Martin for 10 months and 12 days on this thing.*[7]

In summary, the court finds that the presumption in favor of a term of imprisonment is rebutted on the evidence before it.

(Emphasis added.)

{¶ 19} Based upon the statement above, it is obvious that the court considered the 312 days of incarceration in the Franklin County Corrections Facility as part

4. See R.C. 2929.12(C)(2).

5. See R.C. 2929.12(C)(4).

6. See R.C. 2929.13(D)(2)(b).

7. See R.C. 2929.13(D)(2)(b).

of the combined community-control sanctions he was about to impose.[8]

{¶ 20} The trial court also found:

The court further finds that by providing the opportunity for community control there is a *higher likelihood* that the victim will receive the financial restitution that was requested and is being ordered again.

And that by providing mental health treatment and community supervision, Mr. Martin is more likely to be rehabilitated successfully and have a much lower likelihood of recidivism.[9] Using community control, those goals can be accomplished at a far less financial cost to the public than tossing Mr. Martin in ODRC.

The court further finds that although the injuries inflicted on the victim were serious, that the mental health issues of the defendant at the time mitigate his misconduct, even though they were not a defense * * *.[10]

The court further believes and finds that the defendant shows *genuine remorse,*[11] and with appropriate community supervision and mental health care, this criminal conduct is *unlikely to recur.*[12]

*The court further finds in committing the offense, it remains unclear whether the defendant genuinely expected to cause significant physical harm to the victim since they were residing together and, as far as the record shows, there was no domestic violence instances that ever occurred before.*[13]

(Emphasis added.)

{¶ 21} The record further reflects that the defendant's prior criminal record consists of two minor violations: a misdemeanor attempted importuning, for which he received a suspended sentence, and a disorderly conduct.[14]

{¶ 22} During the sentencing hearing, the trial court referred to the defendant's Netcare evaluation and made the following findings:

---

**8.** See R.C. 2929.13(D)(2)(a).

**9.** See R.C. 2929.13(D)(2)(a).

**10.** See R.C. 2929.12(C)(4).

**11.** See R.C. 2929.12(E)(5)

**12.** See R.C. 2929.12(E)(4)

**13.** See R.C. 2929.12(C)(3)

**14.** Neither of the defendant's two prior convictions are related to any kind of physical abuse, and thus, the court had no instance of prior criminality with respect to the type of crime at issue in this appeal.

And then the question, of course, under this Netcare report from last year, which I'm considering again, which is dated September 24th, that talks about Mr. Martin's rather abysmal background and that he was deeply affected by his early life experiences, has had a difficult time recovering from deep trauma-related psychological and emotional pain that he continuously experiences and is in need of long-term psychological treatment with a consistent provider. Those are the other facts that I think inform what I'm supposed to do here today.[15]

{¶ 23} The trial court asked the defendant if he had anything that he wanted to say to the victim.

THE DEFENDANT: I do have remorse. I apologize for the things that happened to you. I really, really am sorry for the things you went through. That person wasn't me. That's not the person I am.

{¶ 24} It is clear from a review of the entire record at the resentencing hearing that the trial judge complied with the applicable provisions of R.C. 2929.13(D)(2)(a) and (b) and gave the appropriate findings and his reasons pursuant to R.C. 2929.12. The court imposed a combination of community-control sanctions, which consisted of intensive community control, combined with 312 days' incarceration, and also found that combination of sanctions adequately punished the offender and protected the public from future crime, because the applicable factors under R.C. 2929.12, which indicated a lesser likelihood of recidivism, outweighed the applicable factors under that section, which indicated a greater likelihood of recidivism.

{¶ 25} Importantly, the trial court clearly and unequivocally found that the offense was committed under circumstances not likely to recur and cited its reasons for so finding. In addition, the court made no specific findings under R.C. 2929.12(D)(1) through (4). As previously stated, the record reflects that the defendant's criminal history consisted of an attempted importuning, a misdemeanor for which he received a suspended sentence, and a disorderly conduct. However, as the trial court generally inferred, these two misdemeanors do not constitute a significant history of criminal convictions that outweigh the factors set forth in R.C. 2929.12(E).

{¶ 26} The trial court also found that a community-control sanction or a combination of community-control sanctions would not demean the seriousness of the offense because one or more factors under R.C. 2929.12 indicating that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and those factors outweigh the applicable factors indicating that

---

15. The state of Ohio did not supplement the record with the Netcare report. However, it is part of the record that the trial judge considered and reviewed. It supports the findings of the court.

the offender's conduct was more serious than conduct normally constituting the offense.

{¶ 27} Furthermore, the court found under R.C. 2929.12(C)(2) that in committing the offense, the offender acted under perceived strong provocation. The court further found that under R.C. 2929.12(C)(4), there are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. And finally, the court found that under R.C. 2929.12(C)(3), in committing the offense, the offender did not cause or expect to cause physical harm to any person.

{¶ 28} The trial court also complied with the purposes and principles of felony sentencing, which are set forth in R.C. 2929.11:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 29} It is clear from the trial court's findings made at the resentencing hearing that it did in fact fulfill the overriding purposes of felony sentencing pursuant to R.C. 2929.11(A).

{¶ 30} In short, it is evident that the trial court made the appropriate findings pursuant to R.C. 2929.13(D)(2)(a) and (b) and also set forth sufficient reasons under R.C. 2929.12, and as a result, the trial court overcame the presumption for a prison sentence. Therefore, we cannot find that the trial court's resentencing determination was clearly and convincingly contrary to law. Instead, it is in accordance with law and in accordance with the overriding purposes of felony sentencing.

{¶ 31} In conclusion, although we agree that the majority's prior decision overruling the second assignment of error on res judicata grounds was improper, and thus we grant the state's application for reconsideration on that very limited issue, we deny the state's applications in all other respects, as we find the state's first and second assignments of error without merit.

Application for reconsideration granted in part
and denied in part;
application for en banc consideration denied.

TYACK and DORRIAN, JJ., concur.