[Cite as *State v. Powell*, 2011-Ohio-5006.]

STATE OF OHIO        )                    IN THE COURT OF APPEALS
                         )ss:               NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

STATE OF OHIO                      C.A. No.      11CA009949

     Appellee

     v.                        APPEAL FROM JUDGMENT
                               ENTERED IN THE
RICKIE D. POWELL            COURT OF COMMON PLEAS
                               COUNTY OF LORAIN, OHIO
     Appellant              CASE No.    99CR054270

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

CARR, Presiding Judge.

{¶1} Appellant, Rickie Powell, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms, in part, and vacates, in part.

I.

{¶2} On September 22, 1999, the Lorain County Grand Jury indicted Powell on one count of felonious assault in violation of R.C. 2903.11(A), a felony of the second degree; one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree; one count of improperly discharging a firearm at or into an occupied structure in violation of 2923.161(A), a felony of the second degree; one count of intimidation in violation of R.C. 2921.03(A), a felony of the third degree; one count of having weapons under disability in violation of R.C. 2923.13(A)(2), a felony of the fourth degree; and one count of improperly handling firearms in violation of R.C. 2923.16(B), a misdemeanor of the first degree. Several of the counts in the indictment contained firearm specifications. On November 18, 1999, the matter

proceeded to trial.  On November 19, 1999, a jury found Powell guilty of all counts and specifications in the indictment.  On November 22, 1999, the trial court sentenced Powell to an aggregate prison term of twenty-one years.  The trial court's sentencing entry was journalized on November 30, 1999.  In its sentencing entry, the trial court notified Powell that he would be subject to post-release control but did not indicate that the term was mandatory.

{¶3}  On September 19, 2000, Powell filed a notice of delayed appeal.  Subsequently, on October 5, 2000, this Court denied Powell's motion on the basis that Powell had failed to set forth sufficient reasons for having failed to perfect a timely appeal.

{¶4}  More than ten years after he was convicted, on March 31, 2010, Powell filed a pro se motion to vacate his sentence on the basis that the trial court had not properly notified him of post-release control.  On May 18, 2010, the trial court issued an order granting the motion in part, and denying the motion, in part.  The trial court set the matter for resentencing because Powell had not been properly notified of post-release control in the original sentencing entry.  Powell appeared with counsel for resentencing on November 22, 2010.  Powell was sentenced to the same aggregate prison term and notified that he would be subject to a mandatory post-release control term of five years.  The trial court's sentencing entry was dated December 2, 2010.

{¶5}  Powel filed a notice of appeal on January 4, 2011.  On appeal, Powell raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT ALLOWED THE STATE TO PRESENT ITS THEORY OF THE CASE USING LEADING QUESTIONS[]."

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED WHEN IT ALLOWED IMPROPER AND IRRELEVANT HEARSAY TESTIMONY."

## ASSIGNMENT OF ERROR III

"THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO IMPROPER LEADING QUESTIONS, FAILED TO ASK THE COURT TO INSTRUCT THE JURY TO DISREGARD AND FAILED TO PROPERLY AND TIMELY OBJECT TO HEARSAY STATEMENTS."

{¶6}   In his first assignment of error, Powell argues that the trial court committed plain error in permitting the State to ask leading questions of a witness.  In his second assignment of error, Powell contends that the trial court erred in allowing irrelevant hearsay testimony.  In his final assignment of error, Powell argues that trial counsel rendered ineffective assistance of counsel.  The State responds that Powell is barred from raising any issues relating to the trial under the doctrine of res judicata.  Powell, in turn, argues that the initial sentencing entry issued in 1999 was not a final, appealable order because it failed to note the manner in which Powell was convicted.  Thus, according to Powell, this Court lacked jurisdiction over this matter until the trial court issued the December 2, 2010 sentencing entry.

{¶7}   Powell's argument that the original sentencing entry in this case did not constitute a final, appealable order is not well-taken.  In its November 30, 1999 sentencing entry, the trial court indicated that Powell appeared for sentencing "after having been found guilty" of the charges in the indictment.  The Supreme Court of Ohio has held that a trial court's failure to include the manner of a defendant's conviction in a sentencing entry constitutes a technical failure to comply with Crim.R. 32(C) and amounts to a clerical error.  *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, at ¶19.  The remedy for a clerical error in a sentencing entry is not a new sentencing hearing.  Id. at ¶18.  Rather, the appropriate remedy for

such an error is a nunc pro tunc sentencing entry reflecting the correction. Id. at ¶17-23. As the trial court's failure to note that Powell was found guilty by a jury amounted to mere clerical error, the original sentencing entry in this case did constitute a final, appealable order.

{¶8} Turning to the issues Powell raises in his assignments of error, we note that the Supreme Court has held that an error in post-release control notification does not result in a sentence being void in its entirety. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶26. The Court reasoned that "[n]either the Constitution nor common sense commands anything more." Id. The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." Id. at ¶29. The Court held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶9} All of the issues Powell raises on appeal deal with his trial which occurred in 1999. Pursuant to *Fischer*, Powell is now barred from raising those issues under the doctrine of res judicata. On November 22, 1999, the trial court sentenced Powell to an aggregate prison term of twenty-one years. In its sentencing entry which was journalized on November 30, 1999, the trial court did not properly notify Powell regarding post-release control. Powell did not perfect a timely appeal. Under the Supreme Court's holding in *Fischer*, the failure of a trial court judge to properly impose statutorily mandated post-release control results in "that *part* of the sentence" being void. Id at ¶26. The Supreme Court clarified that when a sentence is void in part, "only the portion that is void may be vacated or otherwise amended." Id. at ¶28. In this case, the trial court's failure to properly impose post-release control resulted in only that part of

Powell's sentence being void. The remainder of Powell's sentence, and conviction, remained valid. To the extent the trial court properly imposed a mandatory five-year period of post-release control upon Powell at the resentencing hearing, its judgment is affirmed. To the extent the trial court conducted a de novo sentencing hearing and reissued a sentence to Powell, its judgment in that respect is vacated.

## III.

{¶10} The judgment of the Lorain County Court of Common Pleas is vacated to the extent the court exceeded its authority and resentenced Powell. The trial court's decision to notify Powell that he is subject to a mandatory five-year period of post-release control upon his release from prison is affirmed. The remaining portion of Powell's original sentence remains in place.

Judgment affirmed in part,
and vacated in part.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

KREIG J. BRUSNAHAN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.