[Cite as *State v. Wooden*, 2014-Ohio-316.]

IN THE COURT OF APPEALS OF OHIO

TENNTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-557 |
| | | (C.P.C. No. 04CR-5605) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| John W. Wooden, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 30, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*John W. Wooden*, pro se.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} John W. Wooden, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas in which the court denied his motion to find judgment entry void.

{¶ 2} On December 16, 2004, appellant pled guilty to Count 2 of the indictment, robbery, which is a second-degree felony. The trial court dismissed Counts 1, 3, 4, and 5. On March 3, 2005, the trial court sentenced appellant to four years of community control. The State of Ohio, plaintiff-appellee, appealed the sentence, and this court reversed the trial court's judgment in *State v. Wooden*, 10th Dist. No. 05AP-330, 2006-Ohio-212. Upon remand, on April 25, 2006, the trial court resentenced appellant to three years of imprisonment. The resentencing entry indicated that appellant had pled guilty to Count 1,

instead of Count 2. The notice of commitment and calculation of sentence form indicates that appellant's release date was October 26, 2007.

{¶ 3}   On November 21, 2012, appellant filed a motion to find judgment entry void, asserting that the trial court failed to properly impose post-release control ("PRC") and failed to resolve Count 2 of the indictment. On May 9, 2013, the trial court issued a judgment denying appellant's motion on the basis that appellant had served all aspects of the sentence, including jail time and PRC. Appellant appeals the judgment of the trial court, asserting the following two assignments of error:

> [I.]   The trial court erred in finding that the judgment entry co[m]plied with the mandatory notification of punishment as required pursuant to R.C. 2967.28.

> [II.]   The trial court erred in finding that the judgment entry complied with Criminal Rule 32(C) requirement.

{¶ 4}   Appellant argues in his first assignment of error that the trial court erred when it found that the judgment complied with the mandatory notification of punishment for violation of PRC as required by R.C. 2967.28. Appellant asserts that the trial court's finding that he received proper notice of PRC in the notice of a PRC form is in conflict with case law that provides that notification of PRC must be included in the judgment entry itself.

{¶ 5}   However, as the state points out, this court has addressed the same issue in another of appellant's appeals. In *State v. Wooden*, 10th Dist. No. 13AP-159, 2013-Ohio-3600 ("*Wooden*"), this court found moot appellant's appeal of a decision denying his motion to find his criminal sentence void. In that case, after serving prison time for violating PRC, appellant was released from prison and given his final release from PRC in July 2004. In November 2012, appellant filed a motion asking the trial court to void his sentence asserting that he was not properly informed about PRC and the potential consequences of a violation.

{¶ 6}   On appeal, this court found appellant's appeal was moot, finding:

> In general, "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the

defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus; *State v. Montavon*, 10th Dist. No. 12AP-631, 2013-Ohio-2009, ¶ 6. A person convicted of a felony, however, " 'has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed' " so that " 'an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal.' " *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶ 19, quoting *State v. Golston*, 71 Ohio St.3d 224 (1994), syllabus.

Nevertheless, as this court has consistently held, "the rationale underlying the *Golston* decision does not apply if an appeal solely challenges the *length* of a sentence rather than the underlying conviction." (Emphasis sic.) *Montavon* at ¶ 6, citing *Columbus v. Duf[f]*, 10th Dist. No. 04AP-901, 2005-Ohio-2299, ¶ 12. That is, if an appellant has already served his sentence and is only questioning the propriety of the sentence, no remedy would have any effect without a reversal of the underlying conviction. *Montavon* at ¶ 6; *Duff* at ¶ 12.

Such is the case here. The state submitted documentation to show appellant has served the February 7, 2003 sentence that he challenges in this appeal, including the period of post-release control. * * * Additionally, appellant is not contesting his underlying convictions; he is only challenging whether the post-release control portion of his sentence was properly imposed. For these reasons, this appeal is moot and is hereby dismissed.

*Id.* at ¶ 7-9.

{¶ 7} In the present case, as in *Wooden*, appellant does not contest the trial court's finding that he completed his entire sentence prior to the filing of his motion, and he is only challenging whether PRC was properly imposed. Therefore, based upon the same reasoning in *Wooden*, we must overrule appellant's first assignment of error.

{¶ 8} Appellant argues in his second assignment of error that the trial court erred when it found that the judgment complied with Crim.R. 32(C). Crim.R. 32(C) provides:

Judgment.

A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be

> addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶ 9} Appellant argues that the trial court's April 25, 2006 judgment indicates that he entered a plea of guilty to Count 1 of the indictment, when it was actually Count 2 of the indictment to which he pleaded guilty. Appellant contends that Crim.R. 32(C) mandates that the court must resolve and dispose of every charge prosecuted and failure to do so renders the order merely interlocutory and void.

{¶ 10} In addressing this argument, the trial court found that the April 25, 2006 judgment had a minor clerical error that indicated appellant had pleaded guilty to Count 1 instead of Count 2. However, the court found that the December 16, 2004 entry of guilty plea clearly stated that appellant was pleading guilty to Count 2. Furthermore, in the sentence immediately after the one containing the mistake, the April 25, 2006 judgment properly indicated that the court was entering a nolle prosequi as to Counts 1, 3, 4, and 5. The trial court also noted that appellant never questioned to which count the plea applied upon remand, and he did not currently claim that a new plea was entered into. Thus, the trial court found the mistake was merely a scrivener's error. The court concluded that such an error could be remedied with a nunc pro tunc entry replacing "count one" with "count two," but, if the court were to enter a nunc pro tunc entry to that effect, the corrected entry would be for naught because appellant would remain guilty of Count 2.

{¶ 11} We agree with the trial court that a clerical error in a sentencing entry may be corrected with a nunc pro tunc entry. *See, e.g., State v. Haddix*, 5th Dist. No. 2012-CA-00218, 2013-Ohio-1974, ¶ 21 (nunc pro tunc entry to correctly state that the defendant's original conviction did not include a conviction on a second count of statutory rape and was not sentenced on that count merely corrected a clerical omission in the sentencing order and made the entry reflect what had already happened); *State v. Powell*, 9th Dist. No. 11CA009949, 2011-Ohio-5006, ¶ 7 (the failure to include in a sentencing entry that the manner of defendant's conviction was via a jury verdict constitutes a technical failure to comply with Crim.R. 32(C) and amounts to a clerical error; the remedy for a clerical

error in a sentencing entry is not a new sentencing hearing but a nunc pro tunc sentencing entry reflecting the correction); *State v. Harris*, 1st Dist. No. C-060399, 2007-Ohio-3308, ¶ 26, reversed on other grounds, 120 Ohio St.3d 324, 2008-Ohio-6261 (judgment entry indicating the wrong charge was the result of a scrivener's error, and the proper remedy is for the trial court to correct the entry via a nunc pro tunc entry to reflect the proper offense).

{¶ 12} However, although the trial court found, at this stage of the matter, any correction of the clerical error via a nunc pro tunc entry would be for naught, we do not find so. Even though appellant has served his entire sentence, correction of the entry is the proper course to take to clarify the record. *See id.* at ¶ 26 (finding that, although the judgment entry reciting the wrong charge was the result of a scrivener's error, the case must return to the trial court so that the entry can be corrected to reflect the proper offense). Therefore, we sustain in part and overrule in part appellant's second assignment of error.

{¶ 13} Accordingly, appellant's first assignment of error is overruled, appellant's second assignment of error is sustained in part and overruled in part, and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court to issue a nunc pro tunc order consistent with this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded with instructions.*

DORRIAN and O'GRADY, JJ., concur.

_____