[Cite as *State v. Slane*, 2014-Ohio-1962.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,              :                No. 13AP-728
                                             (C.P.C. No. 12CR-02-731)

v.                                               :

David M. Slane,                                  :                (REGULAR CALENDAR)

      Defendant-Appellant.             :

---

D E C I S I O N

Rendered on May 8, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Yeura R. Venters*, Public Defender, and *John W. Keeling*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, David M. Slane, from a judgment of the Franklin County Court of Common Pleas following a remand by this court for re-sentencing in accordance with R.C. 2929.14(C).

{¶ 2} On February 9, 2012, appellant entered a guilty plea to one second-degree felony count of unlawful sexual conduct with a minor, two second-degree felony counts of pandering obscenity involving a minor, and two fourth-degree felony counts of pandering obscenity involving a minor. By entry filed March 12, 2012, the trial court sentenced appellant to 16 years incarceration.

{¶ 3} Appellant filed an appeal with this court, challenging the trial court's imposition of consecutive sentences. In *State v. Slane,* 10th Dist. No. 12AP-316, 2013-Ohio-2107, this court sustained appellant's first assignment of error finding that the trial court's imposition of consecutive sentences without the required findings under R.C. 2929.14(C)(4) was contrary to law. Accordingly, this court remanded the matter to the trial court for re-sentencing.

{¶ 4} On July 22, 2013, the trial court conducted a re-sentencing hearing. By entry filed on July 25, 2013, the court sentenced appellant to eight years each on Counts 1, 2, and 3, and 18 months each as to Counts 4 and 5. The court ordered that the sentences on Counts 1 and 2 be served consecutively and that the sentences on the remaining counts be served concurrently with each other and with Counts 1 and 2, resulting in a total sentence of 16 years imprisonment.

{¶ 5} On appeal, appellant sets forth the following assignment of error for this court's review:

> THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES THAT WERE DISPROPORTIONATE TO THE SERIOUSNESS OF THE OFFENDER'S CONDUCT.

{¶ 6} Under his single assignment of error, appellant asserts the trial court's imposition of consecutive sentences was disproportionate to his conduct in the commission of the offenses. We note that appellant does not challenge the maximum sentence imposed by the trial court for the unlawful sexual conduct with a minor. With respect to the pandering obscenity offenses, however, appellant maintains that his conduct in possessing nude photographs of the minor falls at the lower end of the culpability spectrum.

{¶ 7} In accordance with R.C. 2953.08(G), "an appellate court may modify a sentence or remand for resentencing if the appellate court clearly and convincingly finds: (1) the record does not support the sentence, or; (2) the sentence is contrary to law." *State v. Hayes,* 10th Dist. No. 08AP-233, 2009-Ohio-1100, ¶ 6. In applying this standard, "we look to the record to determine whether the sentencing court considered and properly applied the * * * statutory guidelines and whether the sentence is otherwise contrary to law." *State v. Murphy,* 10th Dist. No. 12AP-952, 2013-Ohio-5599, ¶ 12.

{¶ 8} As noted, appellant entered a guilty plea to one count of unlawful sexual conduct with a minor, and four counts of pandering obscenity involving a minor. At the time of the plea, the state gave the following statement of the facts:

> [T]he victim in this case is [R.S.]. She was 14 years old at the time of these offenses. The Defendant * * * was 44 years old at the time of these offenses. He is her uncle. This all started in July of last year, 2011, when [R.S.] revealed that the Defendant had, in fact, forcibly had sex with her in her kitchen.
>
> She also revealed that prior to that date, in January of that year, at the Defendant's request she had taken a series of nude photographs of herself and then provided those to the Defendant at his request when they were at church one day. The Defendant was confronted with these allegations by members of the family. He admitted that he had had sex with the victim in this case.
>
> He was on parole for committing a sex offense out of Kentucky, and he has also confessed to his parole officer that he had had sexual conduct with a teenage girl. The police later searched his computer and did find a couple dozen photographs that do depict the victim in a state of nudity, and those pictures were obscene.
>
> I'd also note that the Defendant was convicted * * * in Kentucky of rape. That was back in January 30th of 2004 in the Jefferson Circuit Court in the Commonwealth of Kentucky. I've looked up the allegations of – or the elements of that crime. They're substantially similar to our crime known as unlawful sexual conduct with a minor.

(Feb. 9, 2012 Tr. 9-10.)

{¶ 9} R.C. 2929.14(C)(4) permits a trial court to impose a consecutive sentence if it determines that: (1) "consecutive service is necessary to protect the public from future crime or to punish the offender;" (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public;" and (3) if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16,

2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} During the re-sentencing hearing, the trial court made the following findings:

Well, if I look at the sentencing guidelines, first, on the issue of whether * * * consecutive sentences are necessary to protect the public, number one, the fact that he hadn't been out of prison very long before these offenses occurred, and, in fact, I believe, he was still on post-release control when these offenses occurred, obviously he failed to respond favorably to the sanctions imposed in the past and makes recidivism very likely.

On the seriousness factor, not only was the child a minor, we have the age of the victim involved. The relationship with the victim facilitated the offense. It was his niece. Obviously a person of that age and this kind of offense would suffer serious psychological damages. Because he was a member of the family and taken into the home, he was, I would think, in a position of trust. Furthermore, one of the sentencing factors is that he was a family or household member. He was living there.

So, all these things add to the seriousness of the offense; and, therefore, I would find that not only are consecutive sentences necessary to protect the public, they're not disproportionate to the seriousness of the offender's conduct. And the other thing I would find, that he was under sanction at the time the offenses occurred; that his history of criminal conduct shows that – further that it's necessary to protect the public.

(July 22, 2013 Tr. 8-9.)

{¶ 11}   Thus, prior to imposing consecutive sentences, the trial court noted that appellant had not been out of prison "very long," that "he was still on post-release control" at the time of the offenses, and that he did not respond favorably to past sanctions, making recidivism "very likely."  The court, in discussing the seriousness of appellant's conduct, cited the age of the victim (14 years of age) and the fact that appellant was a family or household member and that his relationship with the victim facilitated the offense.  The court further noted that appellant was under sanctions at the time of the offenses.  Here, the trial court made the requisite statutory findings before imposing consecutive sentences.

{¶ 12} Appellant's claim that the trial court erred in imposing consecutive sentences because his conduct involved the "least offensive form" of the offense is not persuasive.  Appellant's argument is premised upon his own characterization of the events, i.e., that the minor, of her own volition, gave appellant pictures of herself.  The state's depiction of events, however, was much different, i.e., that appellant "persistently bugged the victim to make these pictures of herself," and that such conduct was part of a "grooming technique" he utilized to "ultimately" facilitate "the unlawful sexual conduct with a minor."  Upon review, the sentence is not clearly and convincingly contrary to law as the record supports the trial court's findings under R.C. 2929.14(C)(4) and such sentence was within the permissible statutory range.  Accordingly, we find no merit with appellant's contention that the trial court erred in imposing consecutive sentences.

{¶ 13} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

SADLER, P.J., and TYACK, J., concur.

_____